FREDERICK S. RICHMOND
*vs.*
PHŒNIX ASSURANCE COMPANY.

SAME *vs.* LIBERTY INSURANCE COMPANY.

Androscoggin.    Opinion June 3, 1895.

*Insurance. Termination. Agent. Notice. Transfer. R. S., c. 49, § § 19, 90; Stat. 1891, c. 112.*

A sale and conveyance of the insured property terminates and avoids a policy which contains the following stipulation: "If the property be sold or transferred, . . . or if this policy shall be assigned before a loss, without the consent of the company indorsed hereon, . . . then, and in every such case, this policy shall be void."

*Held;* that there is no statute in this State affecting the force of such clauses in policies of insurance.

Where the broker who procured the policy is not the agent of the insurance company, he can not receive notice and give consent to the transfer or assignment of the policy under R. S., c. 49, § § 19 and 90; nor is such authority conferred upon insurance brokers by Statute 1891, c. 112.

A policy containing a memorandum that makes it payable to a third party, in case of loss, to the extent of his interest, becomes functus officio when the interest of the insured ceases.

ON REPORT.

These were actions of assumpsit brought by the plaintiff, Frederick S. Richmond, for the benefit of the American Bobbin, Spool & Shuttle Company against the Phœnix and Liberty Insurance Companies for the recovery of a loss under three policies in the Phœnix, one being called "the lost policy" for $500, and one policy in the Liberty Insurance Co. for $750. All of said policies covered the same property, and both cases were heard and tried on the same evidence excepting the policies themselves. There was no evidence in the case denying the loss, and no claim made by the defendants that the policies, if payable at all, should not be paid in full. Two points only were raised by the defense. First, that no due, proper and lawful proof of said loss was made to the defendants; and second, that Richmond, after the date of the policies, and before the loss, sold and transferred the property covered by the policies

without the consent of the companies in writing indorsed on the same.

The case is stated in the opinion.

*J. P. Swasey and E. M. Briggs,* for plaintiff.

*Nathan and Henry B. Cleaves, Stephen C. Perry and Henry W. Swasey,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

EMERY, J.  These are actions upon fire insurance policies issued by the defendant companies.  The plaintiff, Frederick S. Richmond, while the owner in fee of the insured property, procured the insurance represented by these policies through one George A. Gordon, an insurance broker, but not holding a commission as agent from either of the defendant companies. Soon afterward, the plaintiff conveyed the insured property in fee to the American Bobbin, Spool and Shuttle Company of Boston.  Still later, but during the term covered by the policies, the insured property was wholly consumed by fire.  The American &c., Company, after the fire, assigned to the plaintiff (the original assured) all its claims under these policies ; whereupon the plaintiff has now brought these suits.

At the time of the fire, the plaintiff had no insurable interest in the property, and sustained no loss by the fire.  He claims, however, that his grantees succeeded to his rights under the policies, and that he can maintain these actions for his own benefit under the assignment to him, or, at least, for the benefit of the American &c., Company, the owner at the time of the fire.

In each of the policies issued by the Phœnix Assurance Company is the following clause of stipulation and condition : "If the property, [insured] be sold or transferred, . . . or if this policy shall be assigned before a loss, without the consent of the company indorsed hereon, . . then and in every such case this policy shall be void."  In the policy issued by the Liberty Insurance Company, is this clause of stipulation and condition : " This entire policy, unless otherwise provided by agreement

indorsed hereon, or added hereto, shall be void if . . . any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance," . . or "if this policy be assigned before a loss." There is nothing in our statutes affecting the natural force of these clauses. *Waterhouse* v. *Gloucester Insurance Co.* 69 Maine, 409. The conveyance of the insured property in fee by Mr. Richmond was within these clauses, and, by their express terms, that conveyance terminated or voided each of these policies, unless it was consented to by the company according to the terms of the policy. *Brunswick Savings Institution* v. *Insurance Company*, 68 Maine, 313; *Gould* v. *Insurance Company*, 76 Maine, 298.

The case does not show any such consent on the part of either company. The plaintiff informed Mr. Gordon, the broker, of the change in ownership, and requested him to procure the necessary indorsement upon the policies, of the consent of the companies. Mr. Gordon testified that he communicated this information and request to each insurance agent from whom he had procured the policies. These agents explicitly deny having received any such information or request, and deny that they, or their companies, ever consented to the transfer, or ever knew of it till after the fire. The three policies in the case do not show any indorsement of consent, and there is no evidence that the fourth policy (which is lost) ever bore any such indorsement.

The plaintiff urges that George A. Gordon, the broker, should be considered the agent of the companies, to receive notice and accord consent under sections 19 and 90 of the Insurance Act (R. S., c. 49), and cites the language of the opinion in *Day* v. *Insurance Company*, 81 Maine, 248. The evidence in the case shows affirmatively that Mr. Gordon was not the agent of either of the defendant companies, and did not assume to act for either of them. The plaintiff testified that he understood Mr. Gordon was not an agent of the companies. The statute providing for the licensing insurance brokers (Stat. 1891, c. 112,) does not confer upon such brokers and authority to bind insurance companies from whom they may obtain insurance for their principals.

But these policies also contained this clause : " Loss, if any,

payable to Whitall, Tatum & Co., New York, as far as their interest may appear." Whitall, Tatum & Co., after the fire, assigned to the plaintiff all their interest in these policies. The plaintiff claims that the interest of Whitall, Tatum & Co. was not affected by his conveyance to the American &c., Company, to which conveyance they were not parties, and that as their assignee, he can recover their interest. The case does not show that Whitall, Tatum & Co. had any interest at the time of the fire, nor does it appear that any interest of that firm was ever insured. They procured no insurance, nor, so far as appears, did the plaintiff procure any insurance for them. The plaintiff simply insured his own interest, and then directed that, out of such sum as might accrue to him as insurance upon his interest, there should be paid to Whitall, Tatum & Co. enough to satisfy their claim. When the plaintiff's own insurable interest vanished, Whitall, Tatum & Co.'s claim upon that interest also vanished. They were subject to all the conditions of the policies. *Biddeford Savings Bank* v. *Insurance Company*, 81 Maine, 566.

*Judgment for defendant in each case.*